UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SEAN WATKINS and MELINDA WATKINS,

        Plaintiffs,

vs.

BANK OF AMERICA,

        Defendant.

Case No.: 2:11-cv-01194-GMN-LRL

**ORDER**

     Pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 3). For the reasons that follow, their Motion will be denied.

     Temporary restraining orders are governed by the same standards applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). A TRO may therefore be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

     Granting preliminary injunctive relief like a temporary restraining order or a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v.*

*Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).  Here, Plaintiffs have failed to carry that heavy burden.

Plaintiffs ask that the Trustee's Sale concerning their home be enjoined because "[t]he defendant's [sic] are not the holder in due course and do not have standing to foreclose on the above referenced property." (Mot. for a TRO 2:3, ECF No. 3.)  However, they provide no affidavits in support of this conclusory proposition, nor do they plead any additional facts to support it.  Such a conclusory statement cannot provide the basis for a temporary restraining order, particularly in Nevada, where one does not necessarily need to be the holder in due course in order to conduct a Trustee's Sale. *See Garand v. J.P. Morgan Chase Bank, N.A.*, No. 3:10-cv-00212-LRH-VPC, 2011 WL 2600459, at *3 (D. Nev. June 29, 2011) ("[U]nder Nevada law there is no holder in due course requirement for a trustee to initiate a nonjudicial foreclosure.").  A temporary restraining order can only be entered upon a "clear showing" that Plaintiffs are likely to succeed on the merits or that there is a serious question going to the merits, and an unsupported allegation such as Plaintiffs' does not rise to the level of making a "clear showing."

Accordingly, this Motion will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED**.

DATED this 25th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge